WILSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-085-CR

WILLIAM EDWARD WILSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant was found guilty of driving while intoxicated and sentenced to one hundred and eighty days in county jail probated for twenty-four months and a $2,000 fine.  Appellant complains on appeal that the trial court erred in not admitting his medical records, which establish a history of eye problems and pre-existing physical ailments that would hinder his performance on field sobriety tests.  We affirm.

Factual Background

On May 28, 2001 Trooper Barnes noticed a red Corvette disregard a stop sign and continue driving with the turn signal on at eighty-four miles per hour in a sixty-five mile-per-hour speed zone.  When Trooper Barnes pulled over the vehicle and approached, she noticed a strong odor of alcohol coming from the car and appellant’s breath.  Appellant’s eyes were a little red and glassy, so Trooper Barnes asked him to exit the car.  Trooper Barnes proceeded to administer the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand exercise.

Before giving the horizontal gaze nystagmus test, Trooper Barnes asked appellant whether he had had any recent head or eye injuries, and appellant answered no.  Before administering the final two tests, she asked whether appellant suffered from any physical injuries or handicaps that would prevent him from performing the tests, and appellant again replied no. 
 Appellant failed the field sobriety tests and based on the totality of the circumstances, Trooper Barnes arrested him for driving while intoxicated.  After arriving at the police station, appellant refused to supply a breath or blood sample for testing.

Appellant pled not guilty to the charges; however, a jury convicted him.  The parties agreed to punishment at one hundred and eighty days in county jail probated for twenty-four months and a $2,000 fine.  Appellant appeals his conviction challenging the trial court’s failure to admit his medical records. 

Standard of Review

Whether evidence is admitted or excluded is within the trial court’s discretion.  
Coffin v. State, 
885 S.W.2d 140, 149 (Tex. Crim. App. 1994).  If a decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree, the trial court abused its discretion.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).
  In order to reverse a trial court judgment, an appellate court must first determine whether or not the offered evidence was relevant and second, whether the exclusion of such evidence was harmful to the accused.  
Bird v. State
, 692 S.W.2d 65, 73 (Tex. Crim. App. 1985), 
cert. denied
, 475 U.S. 1031 (1986).

Discussion  

In his sole issue, appellant complains that the trial court erred in not admitting his medical records, which establish a history of eye problems and pre-existing physical ailments that could hinder his performance on field sobriety tests.  The State responds that the trial court properly excluded the medical records as irrelevant since the records, dated as far back as 1995, failed to show that appellant’s alleged medical ailments existed at the time of the offense and did not show any connection to an issue at trial.  Alternatively, the State argues that the records were not admissible under Texas Rule of Evidence 403 because they created a danger of misleading or confusing the jury.

Irrelevant evidence is inadmissible.  
Tex. R. Evid
. 402.  When evidence has a tendency to make the existence of any fact that is of consequence to the determination of the case more probable or less probable than it would be without such evidence, it is relevant.  
Tex. R. Evid
. 401.  Relevant evidence “must logically increase one’s knowledge and enhance the likelihood of ascertaining the truth about the fact.”  
Sorensen v. State
, 856 S.W.2d 792, 794 (Tex. App.—Beaumont 1993, no pet.).  

Appellant argues that the medical records are relevant and relies on 
Sorensen.
  In that case, the Beaumont court held that the trial court improperly excluded evidence of defendant’s scarring on his foot and calf because the State placed defendant’s lack of control of his movement during field sobriety tests at issue.  
Id
. at 794.  These facts, however, are distinguishable.  The defendant in 
Sorensen
 told the officer before performing the sobriety tests that half of his heel had been cut off, he had arthritis in both knees, a portion of his calf was missing, and people commented that he walked like a duck because of jerky leg movements.  
Id
.  Here, appellant denied any injuries or disabilities when asked by Trooper Barnes and then tried to bring up his ailments for the first time at trial.

The State relies on 
Sneed v. State
, in which the defendant argued that the trial court erred in excluding his medical records, which he offered to establish he previously suffered a serious head injury.  
Sneed v. State
, 955 S.W.2d 451, 452 (Tex. App.—Houston [14
th
 Dist] 1997, pet. ref’d).  The records were created approximately one week after the arrest.  
Id
. at 455.  The defendant only indicated he was injured at the time of his arrest for the first time at trial.  
Id
. at 456.  The trial court properly excluded the records because they were not relevant to the determination of Sneed’s condition at the time of his arrest.  
Id
.  Furthermore, the defendant never explained the relevance of how medical records taken after his arrest proved his alleged medical condition at the time of his arrest.  
Id
. 

Because the facts before us are similar to 
Sneed
, we conclude that the trial court properly excluded appellant’s medical records as irrelevant.  During the field stop, Trooper Barnes asked appellant if he suffered from any physical injuries or handicaps that would prevent him from performing the sobriety tests, and appellant replied no.  Appellant then indicated for the first time at trial that he was injured at the time of his arrest by attempting to admit his medical records as evidence.

Although appellant asserts that he suffers from watering, sore eyes because of allergies and has had numerous physical ailments including back surgery, a broken rib, chronic hip pain, an ankle injury, arthritis, and rheumatism, he fails to show that the alleged enumerated medical ailments existed at the time of the May 28, 2001 offense.  Appellant’s medical records do indicate continuous allergy problems; however, the last entry indicating itchy or watery eyes occurred on October 6, 1997, over three years before the current offense.  His alleged 1990 back surgery first appears in his medical history on June 6, 2001, after the date of the offense, along with appellant’s only mention of arthritis and rheumatism.  

Also, appellant first complained of hip pain on August 15, 2001, which is approximately four years after the last time he complained of any hip pain and, again, after his arrest.  Appellant did hurt his ankle when he fell while hunting in November of 2000, and he continued to complain of soreness weeks before his arrest; however, the records indicate that he suffered only “mild tenderness.”  Although appellant continued to complain of soreness after his arrest, he still failed to establish that he suffered from any physical ailment at the time Trooper Barnes arrested him.  
See id.
 (holding that trial court properly excluded medical records because they were not relevant to a determination of his condition at the time of arrest).

Because appellant’s medical records, before and after his arrest, are not relevant to a determination of his condition at the time of his arrest, the trial court did not abuse its discretion in excluding them.  We overrule appellant’s sole issue. 

Conclusion

Having overruled appellant’s sole issue, the trial court’s judgment is affirmed.

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.